USCA1 Opinion

 

 October 24, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1696 EDMUND M. HURLEY, Plaintiff, Appellant, v. BUREAU OF PRISONS, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________  ____________________ Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________  ____________________ James P. Duggan for appellant. _______________ John A. Capin, Assistant United States Attorney, with whom Donald _____________ ______ K. Stern, United States Attorney, was on brief for appellee. ________  ____________________  ____________________ Per Curiam. Edmund H. Hurley appeals a summary judg- Per Curiam __________ ment order disallowing his claim for damages, attorney fees, and costs against the Bureau of Prisons (the "Bureau") under the Privacy Act of 1974, 5 U.S.C. 552a(e)(5), (g)(1)(C). We affirm, substantially for the reasons relied upon by the district court. See Hurley v. Bureau of Prisons, No. 94-10966-RCL (D. ___ ______ _________________ Mass. May 18, 1995).  In July 1990, Hurley was convicted of defrauding the United States, see 18 U.S.C. 371, and sentenced to an eight- ___ month term of confinement. Although the sentence exceeded the six-month maximum, see 18 U.S.C. 3651 (repealed 1987), Hurley ___ did not appeal the sentence. This court affirmed his conviction in United States v. Hurley, 957 F.2d 1 (1st Cir.), cert. denied, _____________ ______ _____ ______ 113 S. Ct. 60 (1992).  Shortly after Hurley began serving his term of confine- ment in May 1992, the Bureau noted that the eight-month sentence exceeded the statutory maximum, whereupon it advised Hurley and telephoned the Assistant United States Attorney ("AUSA") who had tried the case. Although both the AUSA and Hurley's counsel promptly moved to correct the sentence, the sentencing court denied both motions. In addition, pending appeal of the district court order denying Hurley's requests to correct the sentence, the Bureau declined Hurley's request that he be allowed to serve the last two months of his prison term in a halfway house. As grounds therefor, the Bureau cited the PSR's description of 2 Hurley's money laundering activities (i.e., in excess of $5 million), to which no objection had been asserted by Hurley.  On October 14, 1992, this court vacated the eight-month sentence and directed Hurley's immediate release. See United ___ ______ States v. Hurley, No. 92-2125 (1st Cir. Oct. 14, 1995). By that ______ ______ time, however, he had already served seventeen days more than the six-month maximum term. Hurley sued the Bureau for damages under the Privacy Act, which requires federal agencies "to maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. 552a(e)(5). Hurley alleged that the Bureau wrongfully relied on the district court judgment imposing the eight-month sentence, knowing the sentence to be "inaccurate," and that the Bureau had failed to follow its own internal procedures for reporting illegal sentences to the AUSA. These contentions were properly rejected by the district court. The district court judgment accurately reflected the sentence imposed by the sentencing court, and the Bureau had no obligation indeed no right to disregard the sentence until the sentencing court or the court of appeals corrected it. Similarly, the claimed deviation from Bureau procedures  namely, placing a telephone call to the AUSA, rather than writing a letter was inconsequential. At most, any procedural devia- 3 tion expedited the correction of Hurley's sentence, and, in all _________ events, it caused Hurley no injury. Indeed, Hurley concedes that ______ the AUSA promptly moved to correct the sentence, once notified. No more was exigible from the Bureau. Finally, Hurley alleged that the Bureau violated the Privacy Act by relying on the "inaccurate" PSR description of his money laundering activities in denying his request for a "halfway house" placement. Hurley neither objected to the PSR before sentencing, nor on the appeal from his conviction. See United ___ ______ States v. Hurley, 957 F.2d 1, 4 (1st Cir. 1992). Any such ______ ______ inaccuracy in the PSR should have been brought to the attention of the district court at sentencing; or, at the very least, on appeal from his conviction and sentence. See Fed. R. Crim. P. ___ 32(c)(3)(D) (1987) (requiring sentencing court to make written factual findings concerning any objections to PSR, and append them to copy of PSR made available to Bureau), repromulgated at ______ _____________ __ Fed. R. Crim. 32(c)(1) (1995).  Affirmed.  Affirmed. ________ 4